UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSEPHINE V. PUENTE | § § § | |
| vs | § § | CIVIL ACTION NO. M-04-267 |
| TOM RIDGE | § § § § | |

### ORDER DENYING GOVERNMENT'S MOTIONS TO TRANSFER AND GRANTING IN PART GOVERNMENT'S MOTION TO DISMISS

### I. Background

Jospehine Puente ("Plaintiff") seeks damages from the Government ("Defendant") for gender discrimination, retaliation, disparate treatment, and hostile work environment pursuant to Title VII. Defendant, the Government, petitions the Court to dismiss Plaintiff's claims on grounds of improper venue and/or in the alternative to dismiss for failure to state a claim upon which relief can be granted. (Doc. 6). Because the Government seeks dismissal under 12(b)(6) the Court will recite the facts as pled by Plaintiff. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)(the standard of review for 12(b)(6) is to accept all well-pleaded facts as true and view those facts in the light most favorable to the non-movant).

Plaintiff, a Hispanic female, was during the relevant period in question, employed as a Border Patrol Agent ("BPA") in El Paso, Texas. (Doc. 13 at 3). In January of 2000, Plaintiff gave birth to a baby girl. *Id.* On March 13, 2000, Plaintiff returned to full duty status with the INS (now reorganized as part of the Department of Homeland Security ("DHS")). *Id.* Shortly after Plaintiff returned to full duty status she began using her breaks to express milk for her

newborn. *Id.* According to Plaintiff, BPA's were permitted two twenty (20) minute breaks and a thirty (30) minute lunch period. The breaks were basically taken on the honor system. Little or no supervision was enforced. Furthermore, as a practice, employees who smoked were given smoke breaks as needed. No BPA was required to take any type of leave in order to secure a break. Plaintiff alleges that her supervisors began to closely monitor the amount of time that she spent on her breaks after learning that she was using her breaks to express breast milk, notwithstanding that Plaintiff's supervisors ignored the breaks taken by male BPA's. (See Doc. 13 at 4). Plaintiff sought to secure a remedy for the situation. According to Plaintiff, the INS ultimately agreed to allow Plaintiff two thirty (30) minute periods, but only if she either used leave, took leave without pay, or extended her work day to make up the time. (Doc. 1 at 5); (Doc. 13 at 4-5).

On August 11, 2000, Plaintiff filed a formal Equal Employment Opportunity (EEO) complaint against the INS, alleging that the Defendant had discriminated against her on the basis of her gender (female), pregnant status, and reprisal for prior EEO activity. *Id.* On December 5, 2001, the EEOC's AJ's ruled in favor of Plaintiff. That decision was ultimately upheld by the EEOC OFO. *Id.* at 6. In its June 9, 2004 decision, the EEOC OFO set specific time lines for the INS to comply with in order to make Plaintiff whole. *Id.* According to Plaintiff, the Defendant (INS) or its substitute the U.S. Department of Homeland Security (DHS) has refused to comply with the mandates of the EEOC OFOs' final decision of June 9, 2004. Plaintiff filed her formal Complaint of discrimination with the Court after the substitute Defendant allegedly failed to comply with the OFO's final decision.

**A. Defendant's Claim of Improper Venue**

Determination of proper venue in a Title VII action is governed by 42 U.S.C. § 2000e-(f)(5) and the general venue provision of 28 U.S.C. 1391. *See Johnson v. Payless Drug Stores Northwest*, 950 F.2d 586 (9th Cir. 1991), *cert. denied*, 505 U.S. 1225, 120 L. Ed. 2d 911, 112 S. Ct. 3044 (1992). According to 42 U.S.C. § 2000e-(f)(5) a Title VII action may be brought in:

1. *any district in the State* in which the unlawful employment practice is alleged to have been committed; or
2. the district in which the employment records relevant to the practice are maintained administered; or
3. the district in which the plaintiff would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3)(emphasis added)

During the dispute in question, Plaintiff was a BPA in the El Paso area. El Paso is part of the Western District of Texas. The statute clearly provides that a Title VII suit may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed. *See Abidekun v. Mary Imogene Bassett Hosp.*, 1996 U.S. Dist. LEXIS 11355 * 8 (E.D.N.Y. Feb. 6, 1996); *Richardson v. Alabama State Board of Education*, 935 F.2d 1240, 1248 (11th Cir. 1991). As applied to the present case, venue would be proper in any district in the State of Texas. The Court therefore holds the Southern District of Texas to be a place of proper venue. Defendant's motion to dismiss or transfer for improper venue [28 U.S.C. § 1406(a)] is therefore **DENIED**.[1]

## B. Government's Motion to Dismiss for Failure to State a Claim 12(b)(6)

*(i). Standard of Review*

For purposes of a 12(b)(6) motion to dismiss, a district court must assume that all material facts in the plaintiff's complaint are true and should not dismiss the complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] 28 U.S.C. § 1406(a) states that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. The Court has found venue to be proper. 28 U.S.C. § 1406(a) therefore does not apply to the present action.

would entitle him to relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The district court should further evaluate "'[W]hether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Id*. Dismissal is proper, however, "'if the complaint lacks an allegation regarding a required element necessary to obtain relief'" or where plaintiff has alleged merely "'conclusory allegations or legal conclusions masquerading as factual conclusions . . ..'" *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (internal citations omitted). In deciding a 12(b)(6), a court may permissibly refer to matters of public record. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

*(ii). Plaintiff's Claims & Government's Arguments*

Plaintiff alleges claims of gender discrimination, retaliation, disparate treatment, and hostile work environment pursuant to Title VII. The basis of Plaintiff's complaint is that the Government agreed to permit Plaintiff to take two thirty minute breaks to express breast milk, but required that she either use leave, take leave without pay, or extend her work day to make up the work. (Doc. 1 at 5). Her coworkers on the other hand were permitted two twenty minutes breaks and a thirty minute lunch period. *Id.* at 4. During this same time, Plaintiff's supervisors began to closely monitor the amount of time that Plaintiff spent on her breaks. *Id.* at 4.

The Government disputes Plaintiff's claims and makes three general arguments. The Government first argues that Plaintiff has failed to set forth her claims with any specificity, and that Plaintiff alleges her separate causes of action in only a very conclusory way. Second, the Government argues that only an ultimate employment decision by an employer can form the basis for liability under Title VII, and the timing of breaks has not been found to constitute such an ultimate employment decision. *Id.* at 5. Third, Defendant argues that even apart from pleading deficiencies, Plaintiff's case is fundamentally flawed, for allegations such as Plaintiff's have universally been met with judicial disfavor. *Id.* The Court will consider each of the Government's arguments below.

(*a*). *Lack of Specificity*

      The Government first argues that Plaintiff has failed to set forth her claims with any specificity, and that Plaintiff alleges her separate causes of action in only a very conclusory way. (Doc. 6 at 4).  The Court notes that Title VII claims are generally not a category where any sort of heightened pleading is required.  *See Fortier v.United States Steel Group*, 2002 U.S. Dist. LEXIS 11788, 9 (D. Pa., 2002) citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992, 996-997 (2002)(In a Title VII action, the Plaintiff need not allege facts demonstrating a prima facie case under the *McDonnell Douglas* burden shifting test in order to survive a motion to dismiss.)  Nevertheless, a Plaintiff must still satisfy the notice requirement of F.R.Civ.P. 8(a). While Plaintiff's complaint could certainly be clearer and more detailed, the Court finds that Plaintiff's complaint satisfies the notice requirements of Rule 8(a).  See *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 996-997 (2002) citing F.R.C.P. 8(a)(2).

*(b). Ultimate Employment Action*

      In the Fifth Circuit, only an ultimate employment decision by an employer can form the basis for liability for a Title VII action.  *See Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995)(per curiam)("Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions.").  Ultimate employment decisions include hiring, granting leave, discharging, promoting, and compensation. *Id.*   In line with this reasoning, the Government argues that Plaintiff's Title VII claims should be dismissed because the timing of breaks has not been found to constitute such an ultimate employment decision.  The Court agrees with the Government in that the timing of breaks is generally not an ultimate employment decision. However, the basis of Plaintiff's complaint is not simply that she was on a different break schedule than similarly situated males, but that in taking a break, she would be placed on a non-duty status.  (Doc. 13 at 4).  Put another way, Plaintiff claims she was denied compensation because she wanted to use her breaks to express milk, whereas similarly situated males were given breaks freely without financial consequences.  Other district courts have held that a

reduction in a pay can qualify as an ultimate employment action. See e.g. *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002)(An adverse employment action consists of ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating); *Sharp v. City of Houston*, 164 F.3d 923, 933 n.21 (5th Cir. 1999)(A demotion also qualifies as an ultimate employment decision under Title VII.)  This Court holds that a reduction in pay or failure to pay for taking a break (when others can take breaks without financial consequence) can also qualify as an ultimate employment action.  In making this decision, the Court notes that this stage of the proceeding [12(b)(6)], the Court is to accept all well-pleaded facts as true and view those facts in the light most favorable to the non-movant.

*(c.) Plaintiff's Claims on the Merits*

Pursuant to Title VII, Plaintiff' alleges claims for gender discrimination, disparate treatment, hostile work environment, and retaliation. Title VII of the Civil Rights Act prohibits an employer from "discrimination against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." 42 U.S.C. § 2000e-2(a)(1).  The Pregnancy Discrimination Act ("PDA") amended Title VII by explicitly including discrimination based on pregnancy and related medical conditions within the definition of sex discrimination:

> The term 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other person not so affected but similar in their ability or inability to work . . . "

42 U.S.C. § 2000e(k).

Those few courts which have addressed the issue have generally held that breast-feeding

is not a condition within the scope of the PDA. *See Fejes v. Gilpin Ventures*, 960 F. Supp. 1487 (D. Colo. 1997)(Based on the language of the PDA, its legislative history, and decisions from other courts interpreting the Act, the district court held that breast-feeding is not a condition within the scope of the PDA; breast-feeding is not a medical condition related to pregnancy or childbirth within the meaning of the PDA); *Vachon v. R.M. Davis, Inc.*, 2004 U.S. Dist. LEXIS 6339 (D. Me., 2004).  While these opinions are not controlling on this Court, the Court will follow the holdings of these cases.  As a result, Plaintiff's decision to breast feed in the present case does not afford her protection under the PDA [and as a result neither under Title VII.] *See e.g. Molero v. Port Cargo Enters., LLC*, 2005 U.S. Dist. LEXIS 5519, *9 (E.D. La. 2005)(Generally in order to support a hostile work environment sexual harassment claim, an employee is required to show that (1) she belongs to a protected group; (2) she was the subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employee; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.).  As a consequence, even viewing Plaintiff's allegations in a light most favorable to her, Plaintiff's claims of gender discrimination, hostile work environment, and disparate treatment fail to state a claim upon which relief can be granted.  Accordingly, the Court orders that Plaintiff's claims of gender discrimination, hostile work environment and disparate treatment be **DISMISSED**.  Plaintiff's claim of retaliation remains however, because Plaintiff's retaliation claim does not necessarily hinge on Plaintiff's status as a "women who breast feeds."  Rather, Plaintiff alleges in part that the Defendant engaged in reprisal against Plaintiff for having previously engaged in prior EEO activity. (Doc. 1. at  5-6).

### III.  Conclusion

According to 42 U.S.C. § 2000e-(f)(5) a Title VII action may be brought in any district in the State in which the unlawful employment practice is alleged to have been committed.  The present cause of action accrued in the Western District of Texas.  The Western District is part of the State of Texas.  The Southern District of Texas is also part of the State of Texas.  Therefore venue is also proper in the Southern District of Texas.  The Government's motion to dismiss for

improper venue is therefore **DENIED**. (Doc. 6). As to Plaintiff's Title VII claims, the Court holds that breast-feeding is not a condition protection under the PDA. The Court therefore **GRANTS** the Government's motion to dismiss (Doc. 6) on Plaintiff's claims of gender discrimination, hostile work environment, and disparate treatment. Plaintiff's claim of reprisal/retaliation remains however, because Plaintiff's retaliation claim does not necessarily hinge on Plaintiff's status as a "women who breast feeds." Rather, Plaintiff also alleges that Defendant engaged in reprisal on the basis of Plaintiff's prior EEO activity. (Doc. 1. at 5-6).

SO ORDERED this 6th day of July, 2005, at McAllen, Texas.

_____
Randy Crane
United States District Judge